**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| VELOCITY PATENT LLC, | )<br>)<br>) |
| *Plaintiff*, | ) Civil Action No. 1:17-cv-05736<br>) |
| v. | )<br>) |
| DAIMLER TRUCKS NORTH AMERICA LLC, | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| *Defendant*. | )<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Velocity Patent LLC ("Velocity") for its complaint against Defendant Daimler Trucks North America LLC ("Daimler Trucks") hereby demands a jury trial and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Velocity is a limited liability corporation organized and existing under the laws of Illinois and having a principal business address at 2323 Victory Avenue, Suite 700, Dallas, TX 75219.

3. On information and belief, Defendant Daimler Trucks is a corporation organized under the laws of the state of Delaware with an office and principal place of business located at 4555 N Channel Ave, Portland, OR 97217.

4.     Daimler Trucks advertises, markets, and distributes automobiles throughout the United States, including in this district, including trucks and buses under the Freightliner Trucks, Western Star Trucks, and Thomas Built Buses brands.

5.     On information and belief, Defendant Daimler Trucks has a regular and established place of business in this district. Daimler Trucks has a physical presence in this district, including property, inventory, infrastructure, and people. Daimler Trucks has an automotive warehouse facility in this district that houses Daimler Trucks automobiles located at 804 Mittel Dr, Wood Dale, IL 60191. Upon information and belief, Daimler Trucks has over fifty permanent employees at the Wood Dale facility. Daimler Trucks also represents that it has a presence in this district, derives benefits from its presence in this district, and interacts in a targeted way with existing or potential customers in this district. Daimler Trucks advertises, markets, and distributes trucks and buses throughout the United States, including in this district. There are numerous dealerships for Daimler Trucks' products in this district, with whom Daimler Trucks does continuous and permanent business. Moreover, Daimler Trucks offers localized advanced training in this district at the University Technical Institute in Lisle, Illinois, where it trains truck technicians for Daimler Trucks vehicles. Daimler Trucks is registered with the Office of the Illinois Secretary of State, and has a registered agent whose address is 208 S LaSalle St, Suite 814, Chicago, IL 60604, in this district.

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Daimler Trucks because Daimler Trucks has committed, and continues to commit, acts of patent infringement in Illinois, including in this judicial district, and otherwise transacts business in the state of Illinois, including in this district.

8. Venue is proper in this District under 28 U.S.C. § 1400(b) because Daimler Trucks is subject to personal jurisdiction in this judicial district, has committed, and continues to commit, acts of patent infringement giving rise to the claims alleged herein within this judicial district, and has a regular and established place of business in this district.

## THE PATENT-IN-SUIT

9. On September 21, 1999, U.S. Patent No. 5,954,781 ("the '781 Patent"), entitled "METHOD AND APPARATUS FOR OPTIMIZING VEHICLE OPERATION" (Exhibit A), duly and legally issued.

10. Velocity owns all rights, title, and interest in and to the '781 patent and has the right to sue and recover for past, present, and future infringement.

## COUNT I - INFRINGEMENT OF THE '781 PATENT

11. Paragraphs 1 through 10 are incorporated by reference as though fully stated herein.

12. Daimler Trucks manufactures, uses, imports, exports, offers for sale, and sells automobiles that include radar equipment and radar-based safety features, including, for example, automobiles equipped with Detroit Assurance Systems and OnGuard Collision Safety Systems, which include, for example, features such as Active Brake Assist, Adaptive Cruise Control, Tail Gate Warning, Collision Warning Systems, and PasSmart.

13. Daimler Trucks manufactures, uses, imports, exports, offers for sale, and sells automobiles that include equipment for determining a distance separating a vehicle and an

3

object, including equipment or equipment substantially similar to radar equipment, including, for example, automobiles equipped with features such as Lane Departure Warning.

14. Daimler Trucks also manufactures, uses, imports, exports, offers for sale, and sells automobiles with information displays that provide drivers with information regarding, for example, fuel consumption, efficiency of operation, and safety. Such information displays include, for example, the fuel consumption bar graph, miles per gallon display, and Eco Driver feedback.

15. Furthermore, Daimler Trucks manufactures, uses, imports, exports, offers for sale, and sells automobiles that include manual gear shifting features, including, for example, automobiles equipped with automatic transmissions and manual shift modes. Such features include, for example, suggested shifts and Engine Overspeed Alerts.

16. By manufacturing, using, importing, exporting, offering for sale, and selling automobiles equipped with one or more of the features described above, Daimler Trucks has directly infringed, and continues to infringe, either literally or under the doctrine of equivalents, at least claims 1, 7, 13, 17, 18, 19, 20, 23, 26, 28, 33, 34, 35, 36, 38, 40, 41, 42, 46, 49, 51, 53, 56, 57, 58, 59, 60, 62, 63, 64, 66, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 86, 87, and 89 of the '781 patent in violation of 35 U.S.C. § 271. The attached Exhibit B illustrates infringement of those claims as evidenced by publicly available information regarding the Freightliner Cascadia.

17. Velocity has been damaged by Daimler Trucks's infringement of the '781 Patent.

**DAIMLER TRUCK'S WILLFUL INFRINGEMENT**

18. Neither Velocity nor the previous owner of the '781 Patent, TAS Distributing Company, Inc. ("TAS"), have practiced the invention covered by the patent.

19. Neither Velocity nor TAS compete or competed with Daimler Trucks.

20. On information and belief, Daimler Trucks became aware of the '781 Patent no later than November 21, 2013, the date on which a complaint asserting the '781 patent was filed by Velocity against Daimler Trucks's corporate affiliates Mercedes-Benz USA, LLC and Mercedes-Benz U.S. International Inc. (Case No. 13-cv-8413 (N.D. Ill.)) (the "Mercedes Action"). On that date, on information and belief, Daimler Trucks gained knowledge of the '781 patent, the Mercedes Action, and the accused features and Mercedes vehicles covered by allegations of infringement. On information and belief, Daimler Trucks also obtained knowledge that Daimler Trucks vehicles were covered by the '781 patent when it analyzed the patent claims on or around November 2013. Daimler Trucks vehicles include similar features to the accused features identified in the complaint in the Mercedes Action. Despite being on notice of allegations of infringement on November 21, 2013, Daimler Trucks, after November 21, 2013, continued to market, sell, import and export vehicles including similar features to the accused features identified in the original complaint in the Mercedes Action.

21. On information and belief, Daimler Trucks continuously investigated activity in the Mercedes Action, including all related litigation and USPTO proceedings concerning theories of validity and infringement of the '781 patent, from the filing of the complaint in the Mercedes Action through the present day.

22. On information and belief, Daimler Trucks introduced 2014 model year vehicles, including Freightliner Trucks, Western Star Trucks, and Thomas Built Buses models, at the end

of 2013. Many of the 2014 model year vehicles introduced included accused features similar to those identified in the complaint in the Mercedes Action. Despite being on notice of allegations of infringement on November 21, 2013, Daimler Trucks, after November 21, 2013, continued to market, sell, import and export model year 2014 vehicles including similar features to the accused features at issue in the Mercedes Action.

23. On April 1, 2014, James A. Shimota, counsel for Velocity, mailed Richard L. Fortner, Associate General Counsel for Daimler Trucks, a letter providing notice of Daimler Trucks's infringement of the '781 patent, including the U.S. patent number of the '781 patent and a list of accused Daimler Trucks' vehicles. The letter also included identifying case information for litigation by Velocity against other vehicle manufacturers, including the case number for the Mercedes Action. Velocity received no response to its letter of April 1, 2014. Despite being on notice of allegations of infringement after receipt of Velocity's April 1, 2014 letter, Daimler Trucks continued to market, sell, import and export accused vehicles with similar features to the accused features at issue in the Mercedes Action and similar features to those incorporated in the vehicles accused in Velocity's letter of April 1, 2014.

24. On May 15, 2014, James A. Shimota mailed to Richard L. Fortner another letter requesting a response to Velocity's letter of April 1, 2014. Velocity received no response to its letter of May 15, 2014. Despite being on notice of allegations of infringement after receipt of Velocity's May 15, 2014 letter, Daimler Trucks continued to market, sell, import and export accused vehicles with similar features to the accused features at issue in the Mercedes Action and similar features to those incorporated in the vehicles accused in Velocity's letter of April 1, 2014.

25. On information and belief, Daimler Trucks introduced 2015 model year vehicles, including Freightliner Trucks, Western Star Trucks, and Thomas Built Buses models at the end of 2014.

26. On information and belief, Daimler Trucks introduced: 2015 model year vehicles, including Freightliner Trucks, Western Star Trucks, and Thomas Built Buses models, at the end of 2014; 2016 model year vehicles, including Freightliner Trucks, Western Star Trucks, and Thomas Built Buses models, at the end of 2015; and 2017 model year vehicles, including Freightliner Trucks, Western Star Trucks, and Thomas Built Buses models, at the end of 2016. Many of the 2015, 2016, and 2017 model year vehicles introduced included accused features similar to those identified in the complaint in the Mercedes Action. Despite being on notice of infringement in the Mercedes Action on November 21, 2013 and notice of infringement on receipt of Velocity's letters of May 15, 2014 and April 1, 2014, Daimler Trucks continued to market, sell, import and export model year 2015, 2016, and 2017 model year vehicles including similar features to the accused features at issue in the Mercedes Action and similar features to those incorporated in the vehicles accused in Velocity's letter of April 1, 2014.

27. The vehicles introduced, marketed, and sold by Daimler Trucks after November 21, 2013, incorporate features that infringe the claims of the '781 Patent, including features similar to those at issue in the Mercedes Action and similar features to those incorporated in the lines of vehicles accused in Velocity's letter of May 15, 2014. Such features include at least those in vehicles equipped with Detroit Assurance Systems and OnGuard Collision Safety Systems (including, for example, features such as Active Brake Assist, Adaptive Cruise Control, Tail Gate Warning, Collision Warning Systems, and PasSmart), Lane Departure Warning, fuel

consumption bar graph, miles per gallon display, Eco Driver feedback, suggested shift, Engine Overspeed Alerts, and manual gear shifting features.

28. Despite the facts presented in Paragraphs 18 through 27 above, Daimler Trucks did not cease its infringing activities and continued to introduce new infringing vehicle models year after year.

29. Daimler Trucks's post-suit conduct of continuing to introduce, market, sell, and export infringing 2013-2017 model year vehicles after repeated notifications of infringement is conduct that is egregious and that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or [ ] characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Such conduct goes beyond typical infringement and is evidence of escalated infringing activities after receipt of the original complaint in the Mercedes Action in 2013.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Velocity prays that this Court:

A. Enter a judgment that Daimler Trucks has infringed the '781 Patent;

B. Award Velocity damages in an amount sufficient to compensate Velocity for Daimler Trucks's infringement of the '781 Patent, but not less than a reasonable royalty;

C. Award Velocity prejudgment interest pursuant to 35 U.S.C. § 284; and

D. Grant Velocity such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Velocity hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: August 7, 2017	Respectfully submitted,

/s/ *James A. Shimota*
James A. Shimota

James A. Shimota (IL Bar No. 6270603)
Howard E. Levin (IL Bar No. 6286712)
Aaron C. Taggart (IL Bar No. 6302068)
**HAYNES AND BOONE, LLP**
180 North LaSalle Street, Suite 2215
Chicago, Illinois 60601
Telephone: 312-216-1620
Facsimile: 312-216-1621
*jim.shimota@haynesboone.com*
*howard.levin@haynesboone.com*
*aaron.taggart@haynesboone.com*

***Counsel for Plaintiff Velocity Patent LLC***